SUMMONS ISSUED

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

Daryl Adams

**CV 14 - 4832**

FILED CLERK

'14 AUG 14 9:46

Plaintiff,

**COMPLAINT**

vs.

**DEMAND FOR JURY TRIAL**

THE CITY OF NEW YORK,
NEW YORK CITY POLICE DEPARTMENT,
CITY POLICE COMMISSIONER RAYMOND KELLY,
in his individual and official capacity;
JOHN DOES ## 1-8, in their individual capacities

Defendants.

## COMPLAINT

Daryl Adams, through his undersigned attorneys, Morelli Alters Ratner LLP, alleges as follows:

### PRELIMINARY STATEMENT

1.      This is a civil rights action brought by Plaintiff Daryl Adams to seek relief for Defendants' violation of his rights, privileges, and immunities secured by 42 U.S.C. § 1983, the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and the Constitution and laws of the State of New York. This case arises from a January 21, 2013 incident in which members of the New York City Police Department, acting under color of state law and consistent with the policies, practices and/or customs of the New York Police Department, broke into Plaintiff's apartment while Plaintiff was asleep and without a warrant or probable cause or warning and proceeded to physically attack Plaintiff, causing Plaintiff to suffer

significant bodily injury, emotional pain and mental anguish, and the deprivation of his

Constitutional rights under the United States Constitution and the Constitution and laws of the

State of New York.

2.     Defendants in this action, the City of New York (the "City"), the New York

Police Department ("NYPD"), former New York City Police Commissioner Raymond Kelly

("Commissioner Kelly"), NYPD Officers John Does ## 1 through 8 ("John Does ## 1-8) have

implemented and are continuing to enforce, encourage and sanction a policy, practice and/or

custom of unconstitutional searches, seizures, arrests, and the use of excessive force against City

residents by the NYPD.

3.     Without probable cause as required under the Fourth Amendment, NYPD officers

have been, and are engaged in rampant, and unlawful searches and seizures of individuals

including Plaintiff. The NYPD's widespread constitutional abuses have flourished as a result of,

and are directly and proximately caused by, policies, practices and/or customs devised,

implemented and enforced by the City and NYPD. The City and NYPD have acted with

deliberate indifference to the constitutional rights of those who would come into contact with

NYPD officers by: (a) failing to properly screen, train, and supervise NYPD officers, (b)

inadequately monitoring NYPD officers and their search and seizure practices, (c) failing to

sufficiently discipline NYPD officers who engage in constitutional abuses, and (d) encouraging,

sanctioning and failing to rectify the NYPD's unconstitutional practices.

4.     As a direct result of Defendants' violations of Plaintiff's rights, privileges, and

immunities secured by 42 U.S.C. § 1983, the Fourth, Fifth, and Fourteenth Amendments to the

United States Constitution, and the Constitution and laws of the State of New York, Plaintiff

seeks compensatory and punitive damages, an award of attorneys' fees and costs, and such other and further relief as this Court deems equitable and just.

## JURISDICTION

5.      Jurisdiction is conferred upon this Court under 28 U.S.C. §§ 1331 and 1343(3) and (4), as this action seeks redress for the violation of Plaintiff's constitutional and civil rights.

6.      Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), over any and all state constitutional and state law claims that are so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy.

## VENUE

7.      Venue is proper in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391 (b) and (c).

## JURY DEMAND

8.      Plaintiff demands a trial by jury in this action on each and every one of his claims.

## NOTICE OF CLAIM

9.      Within ninety days after the claims herein arose, Plaintiff filed a Notice of Claim upon Defendant City of New York and Defendant New York Police Department by delivering copies of the notices to the person designated by law as a person to whom such claims may be served. The Notice of Claim was filed on April 9, 2013.

10.     The Notice of Claim was in writing, sworn to by Plaintiff, and contained the name and address of Plaintiff.

3

11. The Notice of Claim set out the nature of the claims, the time when, the place where, and the manner by which the claims arose, and the damages and injuries sustained by Plaintiff.

12. Pursuant to the Notice of Claim, a 50-h hearing was held in this matter on July 10, 2013.

## PARTIES

### Plaintiff

13. Plaintiff Daryl Adams ("Adams") is a 34 year old African-American man who resides in the City of New York, Kings County.

### DEFENDANTS

14. Defendant CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York. It is authorized under the laws of the State of New York to maintain a police department.

15. Defendant NEW YORK CITY POLICE DEPARTMENT is a municipal entity created, organized, and existing under the laws of the State of New York. NYPD acts as the City's agent in the area of law enforcement.

16. Defendant former NEW YORK CITY POLICE COMMISSIONER RAYMOND KELLY was at all relevant times herein the Police Commissioner for the City and was responsible for and the chief architect of the policies, practices and/or customs of the NYPD. He was, at all relevant times herein, responsible for the hiring, screening, training, retention, supervision, discipline, counseling and control of police officers under his command who are or were employed by the NYPD, including Defendants named herein. He is sued individually and in his official capacity.

4

17.     Defendant JOHN DOES ## 1-8 are and/or were at all times relevant herein duly appointed police officers, detectives, sergeants, supervisors, or commanders employed by the NYPD and have acted for and on behalf of the City and/or the NYPD with the power and authority vested in them as officers, agents and employees of the City and/or the NYPD. At all times relevant herein John Does ##1-20 have acted under color of state law in the course and scope of their duties and functions as agents, employees, and officers of the City and/or the NYPD in engaging in the conduct described herein.

18.     At all times relevant herein, Defendants have violated clearly established constitutional standards under the Fourth and Fourteenth Amendments to the United States Constitution of which a reasonable police officer under the circumstances would have known.

## STATEMENT OF FACTS

19.     On January 21, 2013, at approximately 11:30 in the morning, Plaintiff Daryl Adams, a student in the process of getting his Masters Degree from Columbia University at the time of the incident, was asleep in his apartment located at 524 Georgia Avenue, Brooklyn, NY.

20.     At approximately 11:30 in the morning, Plaintiff was awoken by the sound of a loud noise coming from his apartment. Alarmed and frightened by the loud noise, Plaintiff then saw a man dressed in plainclothes with a gun already drawn. The man in plainclothes with the gun, John Doe #1, ran towards Plaintiff.

21.     Plaintiff had never seen John Doe #1 before in his life.  Plaintiff had no way of identifying John Doe #1.

22.     John Doe #1 did not identify himself as a police officer. John Doe #1 did not show Plaintiff his badge. It was only later that Plaintiff was able to identify John Doe #1 as an undercover police officer.

5

23.     Upon seeing John Doe #1 dressed in plain clothes with his gun drawn and running towards Plaintiff, Plaintiff attempted to defend himself from what he believed was John Doe #1's breaking into his apartment and attacking him. Plaintiff attempted to neutralize John Doe # 1 by pushing John Doe #1's left hand, the hand holding the gun, down. A fight ensued between John Doe #1 and Plaintiff, and Plaintiff was thrown across various furniture items. John Doe #1 kicked and punched Plaintiff many times.

24.     During the course of this attack, John Doe #2 entered Plaintiff's apartment. Like John Doe #1, John Doe #2 was also dressed in plain clothes and did not identify himself as a police officer by failing to announce himself as such or show his badge.

25.     John Doe #2 joined the attack a proceeded to punch Plaintiff across the face many times.

26.     Subsequently, John Doe #3 entered Plaintiff's apartment. John Doe #3 was wearing his NYPD uniform.

27.     At this point, Plaintiff stopped trying to defend himself because he realized he was being attacked by three NYPD officers.

28.     Upon Joe Doe #3's entrance into Plaintiff's apartment, the attack became more vicious. Plaintiff was forced to lie on the floor, with his face and stomach to the ground. One of the officers handcuffed him. John Does ## 1-3 proceeded to repeatedly kick Plaintiff for approximately six to seven minutes. During this time, John Doe #3 had his gun drawn on Plaintiff and told Plaintiff not to move.

29.     Approximately six to seven minutes later, John Doe #1 pulled Plaintiff up from the ground and asked if he lived in the apartment. Plaintiff responded that he did. John Doe #1 thought Plaintiff was lying and proceeded to punch him again in the face.

6

30.     Afterwards, John Does ## 1 and 3 searched Plaintiff's apartment for

approximately five to six minutes. They accused Plaintiff of being a thief who, based on the false

information of the NYPD, robbed an apartment on the first floor of Plaintiff's apartment

building.

31.     During the course of the search, John Doe #4, a uniformed police officer, entered

Plaintiff's apartment and accused him of possessing drugs. When Plaintiff denied possessing

drugs, John Doe #4 punched Plaintiff in the stomach.

32.     During the course of John Doe ##1-3's search of Plaintiff's apartment, they found

no guns, drugs, or contraband material. There is no reason they would. Plaintiff has never owned

a gun, does not use drugs, and the robbery which John Does # 1-4 believed to have taken place

had in fact never occurred.

33.     During the course of their search, John Does #1-4 damaged Plaintiff's personal

property.

34.     During the course of their search, John Does #1-3 did find proof that Plaintiff

lived in his apartment. They found a hospital note with his name and address on it, his Medicaid

card with his name and address on it, and various pieces of mail with his name and address on it.

35.     Upon information and belief, the sister of Plaintiff's neighbor heard the attack,

and she and her husband subsequently witnessed the attack and saw Plaintiff being handcuffed

and beaten.

36.     Plaintiff's neighbor's sister told John Does ## 1-4 that Plaintiff lived in the

apartment, and it was only then that John Does ##1-4 stopped attacking Plaintiff and searching

his apartment.

37.    John Does ##1-4 took Plaintiff, still in handcuffs, down to the front porch area of the apartment building. During the walk between Plaintiff's apartment and the building's front porch, John Doe #1, a white man, called Plaintiff a "nigger" and continued to accuse him of robbing his neighbor's apartment.

38.    In the hallway directly outside of the apartment were four other NYPD officer, John Does ## 5-8. They watched as John Does #1-4 attacked Plaintiff and searched his apartment. At no time did John Does ## 5-8 attempt to stop John Does ## 1-4 from attacking Plaintiff or searching his apartment.

39.    Prior to John Does ## 1-4 arriving at Plaintiff's apartment, Plaintiff's neighbor's door had been broken down. Plaintiff's neighbor, Lashaw Williams, a corrections officer, had not been residing in the apartment at the time but instead was staying with his sister. Upon information and belief, Plaintiff's neighbor, had installed a private security system in his apartment.

40.    Upon information and belief, this private security system had been triggered when, on or around December 19th, the New York City Fire Department, responding to a complaint of carbon monoxide in the building, broke down Mr. Williams' door in search of the source of the carbon monoxide.

41.    Upon information and belief, Mr. Williams' security system had been going off since the time the Fire Departmebt broke down his door, for weeks prior to the NYPD arriving at the apartment building on Georgia Avenue to determine if a robbery had taken place there.

42.    When John Doe ## 1-2 arrived at the apartment, Mr. Williams' sister told the police officers that they should not go upstairs and not search Plaintiff's apartment because he was friends with Mr. Williams and lived in the building.

43.    Despite the fact that they were investigating a robbery that had never taken place (and hypothetically if it did, occurred weeks before), were advised not to enter Plaintiff's apartment because he lived in the building and was friends with Mr. Williams, and despite the fact that they had no probable cause or warrant to enter Plaintiff's apartment, John Does ## 1-4 broke into Plaintiff's apartment, attacked him, and searched him and his apartment.

44.    After the attack and when John Does ## 1-4 learned that the New York City Fire Department was the reason why Mr. Williams' door had been broken down and his security alarm had been going off, John Doe #1 threatened Plaintiff and told him not to tell anyone about the attack or the search.

45.    John Doe #1 removed the handcuffs which were still on Plaintiff, and John Does ## 1-8 drove off.

46.    As a result of the attack, Plaintiff was in such physical pain that he called 911. Shortly afterwards, an ambulance arrived at Plaintiff's apartment. The ambulance took Plaintiff to Brookdale Hospital in Brooklyn, NY where Plaintiff was treated for his various and significant injuries.

47.    Two days later, on January 23, 2013, Plaintiff was in such pain from the injuries he sustained during the attack that he called 911 again. An ambulance arrived at his apartment and took him to Brookdale Hospital where Plaintiff was treated for his various and significant injuries.

48.    After being discharged from Brookdale Hospital, Plaintiff continued his medical treatment at Brookdale Clinic to treat the injuries he sustained during the attack.

49.     During this time, Plaintiff was also going for physical therapy at Brookdale Clinic to treat the injuries he sustained during the attack.

50.     During this time, Plaintiff also began seeing a psychiatrist at Brookdale Clinic to treat the emotional pain, anguish, stress, embarrassment, humiliation and other psychological traumas he sustained as a result of the attack.

51.     On February 2, 2013 John Does ## 1-2 returned to Plaintiff's apartment. John Doe #1 asked Plaintiff whether he told anyone about the attack and search that occurred on January 21, 2013. Plaintiff felt frightened and threatened by John Doe ## 1-2 showing up at his apartment without warning. Upon information and belief, Plaintiff felt like John Doe ## 1-2 would attack him again.

52.     Defendants John Does ## 1-8 have implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of warrantless searches without probable cause and the use of excessive force during the course of those warrantless searches in violation of the Fourth and Fourteenth Amendment to the United States Constitution and the Constitution and laws of the State of New York. This unconstitutional conduct is a direct and proximate result of policies practices and/or customs of the City, the NYPD and their confederates whose identities are presently unknown to Plaintiff. Those policies, practices and/or customs include: (a) the failure to adequately and properly screen, train, supervise, monitor and discipline NYPD officers and (b) the explicit and tacit encouragement, sanctioning, and ratification of and failure to rectify the NYPD's rampant unconstitutional practices.  Defendants each knew or should have known that as a direct and proximate result of the policies, practices and/or customs describe herein, the constitutional rights of individuals would be violated. Despite this knowledge, and with deliberate indifference to and reckless disregard for the constitutional rights of such individuals,

Defendants have implemented, enforced, encouraged, sanctioned and failed to rectify such policies, practices and/or customs.

### FIRST CLAIM FOR RELIEF: NO PROBABLE CAUSE
**42 U.S.C. § 1983 and Fourth and Fourteenth Amendments**
**Against All Defendants**

53.     Plaintiff repeats, re-alleges, and incorporates by reference all preceding paragraphs of this Complaint as set forth herein.

54.     By their conduct, as described herein, and acting under color of state law to deprive Plaintiff of his right to be free from unreasonable searches and seizures without reasonable suspicion or probable cause as required by the Fourth and Fourteenth Amendments, Defendants are liable for violation of 42 U.S.C. § 1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution.

55.     The conduct and actions of Defendants, while acting under color of state law, in breaking into Plaintiff's apartment without a warrant or probable cause, attacking plaintiff, handcuffing him, and arresting and detaining or causing the arrest and detention of Plaintiff without probable cause, was done intentionally, maliciously, with deliberate indifference and/or with a reckless disregard for the natural and probable consequences of their acts and was in violation of Plaintiff's Constitutional rights as guaranteed under 42 U.S.C. §1983 and the Fourth, and Fourteenth Amendments to the United States Constitution.

56.     As a direct and proximate result of those constitutional abuses, Plaintiff has suffered and will continue to suffer physical, mental and emotional pain and suffering, mental anguish, embarrassment, humiliation, and deprivations of his liberty.

11

## SECOND CLAIM FOR RELIEF: EXCESSIVE FORCE
### 42 U.S.C. § 1983 and Fourth and Fourteenth Amendments
### Against All Defendants

57.    Plaintiff repeats, re-alleges, and incorporates by reference all preceding paragraphs of this Complaint as set forth herein.

58.    By their conduct, as described herein, and acting under color of state law to deprive Plaintiff of his right to be free from excessive force in the course of a search and seizure as required by the Fourth and Fourteenth Amendments, Defendants are liable for violation of 42 U.S.C. § 1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution.

59.    The conduct of Defendants, while acting under color of state law, in savagely attacking Plaintiff including but not limited to holding Plaintiff at gunpoint, grabbing him, punching him repeatedly in the face, punching him repeatedly in the stomach, kicking him in the stomach, making him lie face down on the ground, restraining him, threatening him, and handcuffing him was done intentionally, willfully, maliciously and with deliberate indifference and/or with a reckless disregard for the for the natural and probable consequences of their acts and was in violation of Plaintiff's rights as guaranteed under 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

60.    As a direct and proximate result of those constitutional abuses, Plaintiff has suffered and will continue to suffer physical, mental and emotional pain and suffering, mental anguish, embarrassment and humiliation and deprivations of his liberty.

## THIRD CLAIM FOR RELIEF: DEPRIVATION OF LIBERTY
### 42 U.S.C. § 1983 and Fifth and Fourteenth Amendments
### Against All Defendants

61.     Plaintiff repeats, re-alleges, and incorporates by reference all preceding paragraphs of this Complaint as set forth herein.

62.     By their conduct, as described herein, and acting under color of state law, Defendants are liable to Plaintiff under 42 U.S.C. § 1983  for the violation of his constitutional right to be free from any deprivation of liberty without due process of law under the Fifth under and Fourteenth Amendments to the United States Constitution.

63.     The conduct of Defendants, while acting under color of state law, including but not limited to savagely attacking Plaintiff, breaking into and searching his apartment without a warrant or probable cause, detaining him without a warrant or probable cause, handcuffing him, and threatening him at gunpoint was done intentionally, willfully, maliciously and with deliberate indifference and/or with a reckless disregard for the for the natural and probable consequences of their acts and was in violation of Plaintiff's rights as guaranteed under 42 U.S.C. §1983 and the Fifth and Fourteenth Amendments to the United States Constitution.

64.     Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive Plaintiff of his constitutional rights. The arrest of Plaintiff without probable cause, holding him in jail for an extended period of time, charging him with eight counts of robbery and prosecuting his case for two years when there was no basis for any criminal proceedings whatsoever and when Plaintiff ultimately proved meritorious in his defense and all charges against him were dropped,

13

65.     As a direct and proximate result of those constitutional abuses, Mr. Williams has suffered and will continue to suffer physical, mental and emotional pain and suffering, mental anguish, embarrassment and humiliation and deprivations of his liberty.

## FOURTH CLAIM FOR RELIEF: MUNCIPAL LIABILITY AS TO ALL CLAIMS
### *Monell* Claim Against Defendant City of New York For Constitutional Violations

66.     Plaintiff repeats, re-alleges, and incorporates by reference all preceding paragraphs of this Complaint as set forth herein.

67.     At all relevant times herein, Defendant City of New York, acting through the NYPD, developed, implemented, enforced, encouraged and sanctioned de facto policies, practices, and/or customs exhibiting deliberate indifference to the Plaintiff's constitutional rights which caused the violation of such rights.

68.     Defendants' unlawful actions were done willfully, knowingly, and with the specific intent to deprive Plaintiff of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution.

69.     The constitutional abuses and violations by Defendant City of New York, through the actions of NYPD officers John Does ## 1-8, were and are directly and proximately caused by policies, practices and/or customs developed, implemented, enforced, encouraged and sanctioned by Defendant City of New York including the failure (a) to adequately supervise and train its officers and agents, including Defendants, thereby failing to adequately discourage further constitutional violation on the part of its police officers; (b) to properly and adequately monitor and discipline its officers, including Defendants; and (c) to adequately and properly investigate citizen complaints of police misconduct, and, instead, allow acts of misconduct to go unpunished and tolerated by the City of New York.

14

70.     Upon information and belief, Defendant City implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of unconstitutional searches, seizures, and arrests, and this policy, practice and/or custom was a direct and proximate cause of the damages and injuries complained of herein.

71.     Upon information and belief, Defendant City implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of unconstitutionally using excessive force during the course of an arrest and this policy, practice and/or custom was a direct and proximate cause of the damages and injuries complained of herein.

72.     Upon information and belief, Defendant City implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of unconstitutionally maliciously prosecuting individuals and this policy, practice and/or custom was a direct and proximate cause of the damages and injuries complained of herein.

73.     The wrongful, unconstitutional policies, practices, and/or customs complained of herein demonstrated a deliberate indifference on the part of policymakers of the City to the constitutional rights of persons within the City and were the direct and proximate cause of the violations of Plaintiff's rights alleged herein.

74.     As a direct and proximate result of the City's wrongful policies, practices, and/or customs complained of herein, Plaintiff has suffered and will continue to suffer physical, mental and emotional pain and suffering, mental anguish, embarrassment and humiliation and deprivations of his liberty.

### FIFTH CLAIM FOR RELIEF: SUPERVISORY LIABILITY
**Against Defendant Police Commissioner Kelly For Constitutional Violations**

75.     Plaintiff repeats, re-alleges, and incorporates by reference all preceding paragraphs of this Complaint as set forth herein.

15

76.     Defendant New York City Police Commissioner Kelly, acting under color of state law and in the course and scope of his duties and functions as Commissioner of the NYPD, devised, implemented, enforced, encouraged, and sanctioned practices and/or customs that were a direct and proximate cause of constitutional violations Plaintiff suffered as described herein.

77.     In addition, Defendant New York City Police Commissioner Kelly, acting under color of state law and in the course and scope of his duties and functions as Commissioner of the NYPD, failed to properly train, supervise or discipline officers employed by the NYPD under his supervision, encouraging rather than deterring acts of police misconduct and violations of individuals' constitutional rights.

78.     As a direct and proximate result of the misconduct and abuse of authority as described herein, Plaintiff suffered deprivation of liberty, physical and emotional injury, mental anguish, suffering, humiliation and embarrassment.

## SIXTH CLAIM FOR RELIEF
### Article I, Section 11 of the New York State Constitution

79.     Plaintiff repeats, re-alleges, and incorporates by reference all preceding paragraphs of this Complaint as set forth herein.

80.     The acts of Defendants, acting under color of law, were racially motivated and were done without lawful justification, and were designed to and did cause specific and serious bodily harm and pain and suffering to Plaintiff in violation of his Constitutional right to equal protection as guaranteed by Article I, Section 11 of the Constitution of the State of New York.

81.     The foregoing acts and conduct of Defendants were a direct and proximate cause of injury and damage to Plaintiff and violated his rights as guaranteed by the Constitution of the State of New York.

16

## SEVENTH CLAIM FOR RELIEF
### Article I, Section 12 of New York State Constitution

82.     Plaintiff repeats, re-alleges, and incorporates by reference all preceding paragraphs of this Complaint as set forth herein.

83.     The acts of Defendants, acting under color of law, in subjecting Plaintiffs to unlawful search and seizure, excessive force by attacking Plaintiff, and subsequently arresting him without reading him his Miranda rights and depriving him of due process under the law were done without reasonable suspicion or probable cause and were designed to, and did cause specific and serious bodily harm, pain and suffering to Plaintiff in violation of his Constitutional rights as guaranteed by Article I, Section 12 of the Constitution of the State of New York.

84.     The foregoing acts and conduct of Defendants were a direct and proximate cause of injury and damage to Plaintiff and violated his rights as guaranteed by the Constitution of the State of New York.

## EIGHTH CLAIM FOR RELIEF
### *Respondeat Superior*

85.     Plaintiff repeats, re-alleges, and incorporates by reference all preceding paragraphs of this Complaint as set forth herein.

86.     The conduct of Defendants John Does ## 1-8 as described herein occurred while they were on duty and occurred in and during the course and scope of their duties and functions as New York City police officers while they were acting as agents and employees of Defendant City. As a result, Defendant City is liable to Plaintiff under the doctrine of *respondeat superior*.

## PRAYER FOR RELIEF

Wherefore, Plaintiff demands the following relief jointly and severally against all of the Defendants:

a.  Compensatory damages in the amount to be determined by a jury;

b.  Punitive damages in an amount to be determined by a juryl

c.  Costs and interest and attorneys' fees;

d.  The convening and empanelling of a jury to consider the merits of the claims herein;

e.  Such other and further relief as this Court may deem just and proper.

Dated: August 12, 2014

Respectfully submitted,

By:

Adam E. Deutsch
adeutsch@morellialters.com
S.D.N.Y Bar ID: AD8836
MORELLI ALTERS RATNER LLP
Attorneys for Plaintiff
950 Third Avenue, 11th Floor
New York, New York 10022
Telephone:     (212) 751-9800
Facsimile:     (212) 751-0046